### HUDSON'S CASE.

Intention to depart, easily presumed, when a fraudulent or suspicious disposal of property is proven.

HE was arrested under the 22d sect. of the act of 1807, ch. 1, on the affidavit of the agent of one of his creditors.

*Livingston* and *Depeyster* moved that they might be allowed to disprove the intention " fraudulently and permanently to depart"—in order to obtain his release, without giving security.

WITNESSES were accordingly introduced, which testified to their belief that he meant to remain in the territory, till his affairs (particularly the present debt) were settled: a belief which arose

from their conversations with him, and the nature
of certain transactions, in which he had lately en- gaged.

*Smith* and *Duncan*, who had obtained the judge's order, insisted on the proof resulting from the affidavit on which it had issued; and on the proof which they made, that he had sold a quanti- ty of goods to the amount of about 60,000 dol- lars, to a person, who had failed the year before, on a simple note, without any endorser or any kind of security. The goods being the ground of the present debt, for which judgment had been confessed, with a long stay of execution. It was farther proved that the debtor, some time before, in an attempt to obtain the benefit of an insolvent law, had sworn to a schedule of his property, from which a considerable part of his estate was suspec- ted to be omitted.

*Livingston* and *Depeyster*. The affidavit goes only to the belief of the deponent—this kind of proof is only admissible, when the statute authori- ses it. The section, under which the judge's or- der issued, requires proof "to the satisfaction of "any judge of the Superior Court."

PERHAPS the affidavit would have entitled the creditor to a writ of sequestration, but surely not to the arrest of the debtor, before the debt became payable.

SPRING 1812.   *By the Court.*   Proof is the offer of circum-
I. District.   stances which create conviction.   A debtor may
HUDSON'S   conceal his intention, so as to deprive his creditor
CASE.   of the means of administering positive evidence of
it.   Circumstantial evidence must then be admit-
ted.

PACKING off goods is admitted to be evidence
of intended flight.   Reducing all one's goods into
cash, paper, or portable effects, will operate as
strongly upon the mind.

IF the intention to defraud be proven, a ma-
gistrate will be satisfied with facility of the inten-
tion to depart.

IN the present case, the disposal of so large a
quantity of goods, by far the greatest part, if not
the whole, of the property in the defendant's pos-
session, in such a manner that when the execution
will be at its maturity, they will be removed from
its effects—the sale too, to a man who failed the
year before, who has no visible property, without
any surety, is a circumstance so uncommon, as
to excite great suspicion, and amount to positive
evidence if not plausibly accounted for.   In eve-
ry bailee, very gross negligence amounts to fraud.

THE impossibility of coming to any property
of the debtor, certainly excuses the creditor, if he
does not resort to this mode of relief.

THE evidence before the Court, does not dis-
prove the alledged intention.   The judge who

granted the order, was satisfied with the proof of-
fered; and there is nothing in what is presented to
us, to induce us to believe that the intention to de-
part does not exist.